## CLEMENTS & MILLER vs. LITTLE.

When the verdict is contrary to the evidence, a judgment ordering a new trial ought not to be disturbed.

Claim, tried in Webster Superior Court, before Judge KIDDOO, at March Term, 1859.

Clements & Miller sued out an attachment against Benj. O. Hattox, which was levied upon a negro man named Warwick, as the property of defendant. Little interposed a claim to the property, and the cause coming on for trial, the following was about the substance of the testimony:

On the part of plaintiffs in the attachment it was proved that the negro man was in the possession of defendant, Hattox, prior to and at the time he left the county; that Hattox had had him in possession four or five months; that Hattox left about December, 1857, or January, 1858. Claimant proved that about the 12th June, 1857, he sold said negro to Hattox for the sum of seven hundred dollars, conditionally, to make titles upon the payment of the purchase money. He introduced the note given for the purchase money, which had not been paid, and also the bond for titles which he executed to Hattox. The note was dated, Fort Valley, June 12th, 1857, and was payable ninety days after date to the order of Harvey Little alone, and the bond was of the same date and witnessed by Q. A. Averce, J. P. Claimant likewise proved that about the date of said note and bond he and Hattox were at Fort Valley, and that he had the negro in his possession, and then and there sold him to Hattox, and that the note given for the purchase money had not been paid.

The jury found for the plaintiffs, and claimant took a *rule nisi* for a new trial on the following grounds:

1. Because the court erred in charging the jury that the conditional bill of sale or bond for titles was not of itself sufficient to show title in claimant at and before the date of said instrument.

2. Because the court erred in charging the jury that parol evidence is inadmissible to contradict, add to or alter the written instrument; there being no evidence to which said charge was applicable.

3. Because the court erred in refusing to dismiss the levy, on motion of counsel for claimant, on the ground that plaintiff's proof had not shifted the onus.

4. Because the jury found contrary to the charge of the court, "that if claimant had the negro in his possession at Fort Valley on the 12th June, 1857, and sold him

to Hattox upon condition that the purchase money was to be paid before the title passed, that then claimant's possession was *prima facie* evidence of his title; and if he had no title, Hattox could have none, if he got possession from Little and had not paid the note."

5. Because the court erred in refusing to charge as requested by claimant's counsel, that when a note was payable at bank, it was the custom for the payee or holder to endorse his name in order to enable the banker to collect it.

6. Because the verdict was contrary to law and the evidence and against the weight of evidence.

After argument, the court made the rule absolute and granted a new trial; to which decision plaintiffs excepted.

McCay & Hawkins, for plaintiffs in error.

Scarborough, represented by B. Y. Martin, and Sam. Elam, *contra*.

*By the Court.*—Benning, J., delivering the opinion.

The question is, was the court below right in granting the motion for a new trial? We think that the court was. It is sufficient, if the ground, that the verdict was contrary to the evidence, was good. And that ground was, we think, good.

The evidence showed that Little, being in possession of the slave, sold the slave to Hattox, and bound himself to make title to Hattox, on being paid the purchase money by a certain time; that the purchase money was not paid by that time, or at all; and that Little, thereupon, asserted his title to the slave.

The evidence showing this, what right was there left in Hattox? Either none at all, or, at least, none except on the terms of his tendering the purchase money. And his

creditors could have no further or better right than he had. Neither he nor they tendered the purchase money. Therefore, neither he nor they had any right in the slave sufficient to subject the slave to be sold to pay his debts due to them.

Therefore, the verdict was contrary to the evidence, for it found the slave subject to Hattox's debts.

This ground being good, the motion ought to have been granted. It was granted. It is useless, therefore, to consider the other grounds of the motion.

Judgment affirmed.